IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BRANDON ONEAL DODD | § | |
| VS. | § | CIVIL ACTION NO. 1:22-cv-386 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Brandon Oneal Dodd, proceeding *pro se*, filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background and Prior Proceedings

In 2016, a federal grand jury returned a three-count indictment charging Movant with: (1) conspiring to interfere with commerce by robbery; (2) attempting to interfere with commerce by robbery ("attempted Hobbs Act robbery"); and (3) discharging a firearm during and in relation to a crime of violence. In accordance with a written plea agreement, Movant pled guilty to attempted Hobbs Act Robbery and discharging a firearm during and in relation to a crime of violence. The conspiracy count was dismissed on the government's motion. Movant was sentenced to 80 months of imprisonment for attempted Hobbs Act robbery and 120 months of imprisonment for the firearm offense, with the sentences to be served consecutively. After counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011), the United States Court of Appeals for the Fifth Circuit dismissed movant's appeal. *United States v. Dodd*, 849 F. App'x 99 (5th Cir. 2021).

Grounds for Review

Movant complains that he received ineffective assistance of counsel. In addition, relying on the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), he asserts his firearm conviction is no longer valid.

Analysis

*Ineffective Assistance of Counsel*

For the reasons set forth below, Movant's claims of ineffective assistance of counsel are barred by the applicable statute of limitations.

There is a one year statute of limitations for motions to vacate. 28 U.S.C. § 2255(f). The limitation period begins to run from the latest of: (1) the date on which the judgment of conviction became final; (2) the date on which an impediment to filing created by unconstitutional governmental action was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right if the right is retroactively applicable to case on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through due diligence. *Id*.

Movant's appeal was dismissed on June 1, 2021. The conviction became final, and the period of limitations began to run, 90 days later, on August 30, 2021, when the time period for filing a petition for writ of *certiorari* with the Supreme Court expired. The period of limitations expired one year later, on August 30. 2022. As this Motion to Vacate is dated September 15, 2022, movant did not assert his claims of ineffective assistance of counsel until after the period of limitations expired.

*Taylor*

The Supreme Court's decision in *Taylor* was issued on June 21, 2022, within one year of the date on which the Motion to Vacate was filed. Citing *Welch v. United States*, 578 U.S. 120, 134-35 (2016), the government concedes that *Taylor* applies retroactively to cases on collateral review because it limits the class of persons that the applicable statute punishes.[1] As a result, the ground for review based on *Taylor* is not barred by limitations. 28 U.S.C. § 2255(f)(3).

In *Taylor*, the Supreme Court held that as attempted Hobbs Act Robbery is not a crime of violence, attempted Hobbs Act robbery cannot serve as a predicate offense for the crime of

---

[1] In *United States v. Davis*, 139 S. Ct. 2319, 2326 (2019), the Supreme Court held that conspiracy to commit Hobbs Act robbery could not serve as a predicate offense for the crime of using or brandishing a firearm in connection with a crime of violence because conspiracy to commit Hobbs Act robbery was not a crime of violence. The United States Court of Appeals for the Fifth Circuit has held that *Davis* applies retroactively to cases on collateral review. *United States v. Reece*, 938 F.3d 630, 634-35 (2019). The same reasoning applies here.

discharging a firearm during and in relation to a crime of violence. 142 S. Ct. at 2025-26. As a result, as the government concedes, Movant's firearm conviction is no longer valid and should be vacated.

### Recommendation

This Motion to Vacate, Set Aside or Correct Sentence should be granted to the extent that the conviction for discharging a firearm in connection with and in relation to a crime of violence should be vacated. The Motion to Vacate should be dismissed in all other respects..

### Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996) *(en banc)*; 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 5th day of April, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE